1  Mark Ravis   [SBN: 137479]
   David Martin [SBN: 189755]
2  Ivo Genchev  [SBN: 285844]
   **LAW OFFICE OF MARK RAVIS & ASSOCIATES**
3  1875 Century Park East, Suite 700
   Los Angeles, California 90067
4  Telephone: 310-295-4145
   Fax:        310-388-5251
5  Email:      mravis99@gmail.com

6  Brandon Sweeney [SBN: 278532]
   THE SWEENEY LAW FIRM
7  3320 W. Victory Blvd.
   Burbank, California 91505
8  Telephone: 818-668-7451
   Fax:        818-843-1833
9
   Attorneys for Plaintiff, HECTOR CASILLAS
10

11              **UNITED STATES DISTRICT COURT**

12        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13  HECTOR CASILLAS, on behalf          )   CASE NO: 15-4763
    of himself and all others similarly )
14  situated,                           )
                                        )   **CLASS ACTION**
15          Plaintiff,                  )
                                        )
16      vs.                             )   **COMPLAINT FOR RELIEF**
                                        )   **BASED ON:**
17  BERKSHIRE HATHAWAY                  )
    HOMESTATE COMPANIES, a              )   **(1)   Violation of the Computer**
18  Nebraska Corporation; CYPRESS       )          **Fraud and Abuse Act (18**
    INSURANCE COMPANY, a                )          **U.S.C. §1030 et seq.)**
19  California Corporation; ZENITH      )
    INSURANCE COMPANY, a                )   **(2)   Violation of Unlawful**
20  California Corporation;             )          **Access to Stored**
    BROADSPIRE CLAIMS                   )          **Communications Act (18**
21  SERVICES, a New York                )          **U.S.C. §2701 et seq.)**
    Corporation; KNOX RICKSEN,          )
22  LLP, a California Limited           )   **(3)   Violation of the Electronic**
    Liability Partnership; ERIC         )          **Communications Privacy**
23  DANOWITZ, an individual;            )          **Act, 18 U.S.C. §§2510 et**
    DANIEL SHARP, an individual;        )          **seq.**
24  WILLIAM REYNOLDS, an                )
    individual; OLIVER GLOVER,          )   **(4)   Invasion of Privacy**
25  an individual; RUSSELL              )          **(Public Disclosure of**
    CHING, an individual; STELLA        )          **Private Facts)**
26

27  ─────────────────────────────────────────────────────────
                              **1**
28
                    **CLASS ACTION COMPLAINT**

MENDOZA, an individual; and
DOES 1 to 10, inclusive,

             Defendants.

**(5)** **Intentional Interference with Prospective Economic Advantage**

**(6)** **Violation of the California Computer Data Access and Fraud Act (Cal. Penal Code §502 et seq.)**

**(7)** **Violation of California Business and Professions Code §17200**

**(8)** **Conversion**

## <u>DEMAND FOR JURY TRIAL</u>

## <u>SUMMARY OF THE CASE</u>

1.    Defendants Berkshire Hathaway Homestate Companies ("BHHC"), Cypress Insurance Company ("Cypress")  and Zenith Insurance Company ("Zenith") and the other named defendants hacked into privileged and confidential litigation files of thousands of individuals litigating worker's compensation cases against them.  The defendants stole these files from servers used by law firms representing the individual litigants and used the illegally obtained information to obtain a litigation advantage. BHHC, Cypress and Zenith are major worker's compensation insurance companies doing business in California and nationwide.

2.    Defendants acted in  complete disregard of constitutional and statutory

**2**

**CLASS ACTION COMPLAINT**

law and applicable ethical and moral standards. Their corrupt conduct evidenced a total disregard for the integrity of the judicial system.

3.     Defendants are presently known to have hacked tens of thousands of litigation files, including approximately five thousand (5000) files belonging to the law firm of Reyes & Barsoum, LLP, a major California worker's compensation law firm.

4.     Defendants' illegal hacking of privileged documents undermines the integrity of the judicial system which damages all Americans.  The American system of justice depends upon fair play in an impartial forum.  A fair and impartial forum for rich and poor alike is central feature of the American way of life and is important to our national reputation. This lawsuit is directed against those powerful insurance companies and their co-conspirators who because of their immense wealth and power acted as if they were above the law and in total disdain of our cherished concept of fair play in an impartial forum.  The defendants each conspired with one another, and aided and abetted one another, to break the laws set forth in this Complaint regarding computer security, onfidential information and privacy.

---

**3**

**CLASS ACTION COMPLAINT**

5.    Plaintiff is a client of Reyes & Barsoum who was pursuing a workers compensation lawsuit as a client of that firm.  He brings this proposed nationwide class action lawsuit on behalf of both Reyes & Barsoum clients and other similarly situated clients whose privileged litigation files, with personal information, have been compromised as a result of the intentional data breach by defendants.  He seeks compensatory, statutory and punitive damages, as well as injunctive relief requiring defendants to refrain from all illegal computer intrusions.

## **PARTIES**

6.    Plaintiff Hector Casillas is a resident of Los Angeles County, California.

7.    Defendant Berkshire Hathaway Homestate Companies ("BHHC") is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

8.    Defendant Cypress Insurance Company ("Cypress") is a California corporation and a wholly-owned subsidiary of Berkshire Hathaway Homestate Companies.  Its principal place of business is San Francisco, California.

9.    Defendant Zenith Insurance Company ("Zenith") is a California corporation with its principal place of business in Woodland Hills, California.

10.    Defendant Broadspire Claims Services ("Broadspire") is a New York Corporation with its principal place of business in Atlanta, Georgia.

---

**4**

**CLASS ACTION COMPLAINT**

11.     Defendant Knox Ricksen, LLP ("Knox Ricksen") is a California Limited Liability Partnership law firm with its principal place of business in Oakland, California but with offices in Los Angeles, California.

12.     Defendant Eric Danowitz ("Danowitz") is an attorney licensed in the State of California and employed as a partner at defendant Knox Ricksen in the Los Angeles office.

13.     Defendant Daniel Sharp ("Sharp") is an attorney licensed in the State of California and was at all relevant times employed as an associate by defendant Knox Ricksen in its Oakland office.

14.     Defendant William Reynolds ("Reynolds") is an investigator employed by BHHC. He is a resident of the State of California.

15.     Defendant Oliver Glover ("Glover") is an employee of Zenith Insurance Company and is a resident of the State of California.

16.     Defendant Russell Ching is an attorney licensed by the State of California and was at all times relevant an employee of defendant Knox Ricksen.

17.     Defendant Stella Mendoza is an attorney licensed by the State of California and is an employee of defendant Knox Ricksen.

**CLASS ACTION COMPLAINT**

18.     Plaintiff does not know the true names and capacities of defendants sued herein as Does 1 to 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  However, on information and belief, Does 1 to 10 were/are the agents or employees or co-conspirators of each of the other defendants and are/were at all times relevant acting within the purpose and scope of such agency, employment, or conspiracy.

19.     All of the defendants, named and unknown, are legally responsible either directly or vicariously (under theories of agency, conspiracy, or aiding and abetting) for all of the illegal constitutional, statutory, and tortious conduct alleged in this Complaint.

## JURISDICTION AND VENUE

20.     Jurisdiction is proper in this court because this litigation arises under federal law, including 18 U.S.C. §1030, *et seq*. ("Computer Fraud and Abuse Act"), 18 U.S.C. §2701, *et seq*. ("Stored Communication Act"), and 18 U.S.C. §§2510, *et seq*. ("Electronic Communications Privacy Act").  The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).  The court

**CLASS ACTION COMPLAINT**

also has jurisdiction over the state claims pursuant to its pendant and ancillary jurisdiction power.

21.    This Court has personal jurisdiction over defendants as they each are registered to conduct business in California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the markets within California, through the promotion, sale, marketing and distribution of their products in California, to render the exercise of jurisdiction by this Court proper and necessary.   Defendants Cypress and Zenith are incorporated in California.

22.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Plaintiff resides in this District, Defendants conduct substantial business in this District, and a substantial part of the events giving rise to plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Electronically-Stored, Privileged Litigation Files

23.    Defendants BHHC, Cypress, and Zenith are among the largest providers of worker's compensation insurance in the United States.  Together they provide a significant percentage of the worker's compensation insurance in California. These firms hired investigators who hacked into and stole stored confidential

CLASS ACTION COMPLAINT

attorney-client files in cases in which they were the insurer.  These firms also hired defendant Knox Ricksen, a law firm based in Oakland, California which willingly and knowingly participated in the exploitation of these confidential files in order to achieve a litigation advantage for themselves and their insurance company clients.  Thousands of files have been pilfered and used by defendants in contravention of federal and state statutory law, case law, and standards of professional conduct.

24.     The Law Firm of Reyes & Barsoum, LLP specializes in worker's compensation, normally representing injured workers.  The firm has offices in several cities in California and has represented thousands of claimants.  It enjoys a reputation of high ethical standards and competency.

25.     Reyes & Barsoum contracted with HQ Sign-Up Services, Inc.("HQSU") to provide administrative services for clients unable to come to the office due to physical, financial, or transportation limitations.  HQSU is only engaged in a case after the client has contacted Reyes & Barsoum and an attorney has reviewed the case.  HQSU has never referred or procured any client for Reyes & Barsoum. HQSU is paid a pre-negotiated flat fee.

26.     Once a client is accepted by Reyes & Barsoum, the accepting attorney

---

**8**

**CLASS ACTION COMPLAINT**

informs the client that they will be contacted by HQSU for the purpose of signing

a retainer agreement and filling out an In-Take Packet with personal information.

HQSU then uploads these documents to its username and password-protected

website.   The information on this website is only available to Reyes & Barsoum

attorneys following verification of username and password.   Reyes & Barsoum

may download existing documents, upload additional documents, and leave notes

and comments related to the cases in the files stored for it by HQSU.

**The Discovery of Defendants' Unlawful Computer Hacking**

27.     Defendants' hacking of the HQSU files was first suspected during an

in-chambers hearing in a worker's compensation case before Presiding Judge

Paige Levy.  The hearing involved defense motions to compel further testimony

of Applicant Hector Casillas and an HQSU employee, Chantelle Obregon, on

April 20, 2014 in the matter of *Hector Casillas vs. Xeres Corp; Broadspire*

*Claims Services,* WCAB NO. ADJ903073.  The case was being defended by

defendant Knox Ricksen.  Defendants Russell Ching and Stella Mendoza,

attorney employees of Knox Ricksen, appeared for the defense.

28.     At the in-chambers conference, defendants Ching and Mendoza, in an

attempt to salvage their failing motion to compel, revealed that they had Mr.

**9**

**CLASS ACTION COMPLAINT**

Casillas' attorney-privileged In-Take Packet which bore the name "ATTORNEY: Rony M. Barsoum, Esq." at the top of the document's first page as well as the Reyes &Barsoum Retainer Agreement signed by Mr. Casillas.

29.    Defendants Ching and Mendoza concealed their possession of the Casillas In-Take Packet during the early part of the argument on the motion to compel.

30.    When Judge Levy indicated that she would deny the defense motion, however, they pulled out the In-Take Packet in an attempt to suggest misconduct on the part of Reyes & Barsoum in order to bolster their request to compel testimony from Mr. Casillas and Ms. Obregon.

31.    Judge Levy immediately asked Mr. Ching how defendant Knox Ricksen came into possession of Mr. Casillas' In-Take packet.  Mr. Ching first responded that it was obtained from the HQSU "website".  Mr. Ching then changed his story and told Judge Levy that Ms. Obregon, HQSU's representative, had provided it to defendant.  Finally, defendant Ching told Judge Levy that he "did not know" where the privileged documents came from.  This was a misrepresentation to the court, and was designed to cover up the true facts.

32.    Judge Levy conducted an in-camera review of the documents and determined that they were protected by the attorney-client privilege.  Judge Levy

**CLASS ACTION COMPLAINT**

ordered Ching and Mendoza to turn over the documents to Reyes & Barsoum and instructed Ching and Mendoza that they were ethically required to conduct a diligent search and notify Reyes & Barsoum if there were additional copies of the documents and, if so, to turn them over to Reyes & Barsoum.

33.     At no time during the session with Judge Levy did defendants Ching or Mendoza inform Judge Levy that defendant Knox Ricksen was in possession of thousands more of Reyes & Barsoum files, as well as tens of thousands of files of other workers compensation claimants.

34.     Defendants have not conducted a diligent search and consequently have not turned over any additional files to Reyes & Barsoum.

35.     Defendants Knox Ricksen and their attorney employees filed a Petition for Removal of Judge Levy following her orders denying their motions to compel and to diligently search for and return confidential attorney-client files.  The Workers' Compensation Appeals Board denied the petition.  A similar writ to the Court of Appeals was dismissed.

36.     At no time did defendant Knox Ricksen or its attorney employees inform the Workers' Compensation Appeals Board or the Court of Appeals that it was in possession of thousands of additional confidential and privileged files.

**CLASS ACTION COMPLAINT**

**Defendants' Admitted Unlawful Downloading of**

**Thousands of Confidential Files**

37.    On or about November 2014, Jorge Reyes had a telephonic discussion with defendant Danowitz.  During that conversation, defendant Danowitz admitted that the Casillas In-Take Packet had been downloaded from the HQSU website and further boasted that he even had a videotape of the method used to accessing the confidential documents from HQSU.

38.    Following this discussion, Knox Ricksen forbade its attorneys from verbally communicating with Reyes & Barsoum and required that all communications be in writing.

**Defendants' Conspiracy to Violate State and Federal**

**Computer Security Laws**

39.    Defendants Reynolds and Glover are private investigators.  Reynolds was employed by the BHHC and Oliver Glover was and is employed by defendant Zenith.

40.    At the direction of defendants BHHC, Cypress and Zenith, Reynolds and Glover intentionally implemented a scheme to wrongfully engage in continuous cyberattacks over a period of years to access, obtain, retain, and use thousands of attorney-client privileged documents of claimants and their attorneys in

**CLASS ACTION COMPLAINT**

workers' compensation litigation in order to gain a litigation advantage and save huge sums in judgments or settlements.

41.     On information and belief, all defendants have conspired with one another, and aided and abetted one another, to hack the litigation files of the plaintiff and those of the proposed class members.  The cyberattacks were planned and executed by all defendants and the wrongfully obtained privileged information was used by each of them to the detriment of plaintiff and the proposed class members.

42.     On November 24, 2014, in a second hearing regarding Mr. Casillas, defendant Danowitz again admitted to downloading and possessing over 33,000 attorney files and documents, including those of plaintiff and the proposed class of Reyes & Barsoum clients.  Moreover, defendant Danowitz admitted being in possession of a thumb drive containing the 33,000 files.

43.     During this second meeting on November 24, 2014, apparently proud of defendants' cyberattacks, defendant Danowitz showed plaintiff's principals, Jorge Reyes and Rony Barsoum, a video he recorded demonstrating defendant Reynolds illegally downloading the privileged documents from the HQSU website.

44.     The video that Danowitz showed to Reyes and Barsoum clearly displays

**CLASS ACTION COMPLAINT**

the illegal cyberattack, which Plaintiff has identified as a directory traversal

attack.  Directory traversal is an HTTP exploit which allows attackers to access

restricted directories and execute commands outside of the web server's root

directory.

45.    Danowitz admitted that this conduct was intentional and not inadvertent

or accidental.

46.    Defendants each conspired with one another, and aided and abetted one

another, to unlawfully obtain, publish and use the illegally obtain confidential files

of plaintiff and those similarly situated to obtain an advantage in litigation and to

diminish the financial exposure of the named defendant insurance companies.

47.    Defendants, and each of them, knew that they were engaged in tortious

and criminal conduct in furtherance of their conspiracy.  Each knew that members

of the conspiracy were illegally obtaining the confidential files and using them

against worker compensation claimants who were prosecuting claims against the

defendant insurers.

48.    Each of the defendants knew that the illegally obtained confidential

litigation files obtained by co-conspirators was being made available to defendant

Knox Ricksen for use against claimants in court proceedings.

**CLASS ACTION COMPLAINT**

49.     Each of the defendants, who are each co-conspirators, aided and abetted the commission of the computer crimes enumerated in this Complaint as well as the commission of intentional torts also enumerated in this Complaint.  They each provided substantial assistance or encouragement to the other co-conspirators to commit theft of confidential files stored on a computer system and to then distribute those files for their commercial advantage.

## COUNT ONE

**(*Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030,et seq.*)**

**(Against All Defendants)**

50.      Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

51.     The computers, computer networks, and computer services which stored Plaintiff's personal and privileged information are "protected computers" as defined in 18 U.S.C. § 1030(e)(2), and contain private and confidential information which affects interstate commerce.

52.     Federal law prohibits anyone from "intentionally accesses[ing] a computer without authorization or exceeds authorized access, and thereby obtains information contained in a financial record of a financial institution."  18 U.S.C. §

1030(a)(2).

53.   As alleged in detail above, Defendants intentionally and without authorization accessed Plaintiff's personal and confidential information on those protected computers and servers and obtained confidential information, in violation of 18 U.S.C. § 1030(a)(2)(C).

54.   Defendants' unlawful conduct has caused Plaintiff to suffer substantial loss or damages in an amount to be proven at trial but which during a one-year period aggregating at least $5,000, and Defendants' conduct causes a threat to public safety. 18 U.S.C. §1030 (a)(5)(A), (B)(i) and (iv), (C).

55.   Defendants' activity has occurred within the last two (2) years and constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and Plaintiff is entitled to damages and injunctive and equitable relief against Defendants under the Act.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants in an amount sufficient to compensate Plaintiff for his actual damages;

(b) Afford Plaintiff a trial by jury;

(c) Enjoin Defendants from accessing without authorization HQSU's

**CLASS ACTION COMPLAINT**

computers and Plaintiff's electronic information;

(d) Destroy or return to Plaintiff any unlawfully obtained information; and

(e) Such other and further relief that this Court deems just and proper.

## COUNT TWO
**(*Violation of the Unlawful Access to Stored Communications Act, 18 U.S.C. § 2701, et seq.*)**

### (Against All Defendants)

56.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

57.    The federal Stored Communications Act ("SCA") broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce . . ." 18 U.S.C. § 2711(1); 18 U.S.C. § 2510(12).

58.    Pursuant to the SCA, "electronic storage" means any "temporary storage of a wire or electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2711(1); 18 U.S.C. § 2510(17)(A).  This type of electronic storage includes communications in intermediate electronic storage that have not yet been delivered to their recipient.

---

**17**

**CLASS ACTION COMPLAINT**

59.    Congress enacted the SCA to prevent "unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public."  Senate Report No. 99-541, S. REP. 99-541, 35, 1986 U.S.C.C.A.N. 3555, 3589.

60.    As such, the SCA mandates, among other things, that it is unlawful for a person to obtain access to stored communications on another's computer system without authorization. 18 U.S.C. § 2701(a).

61.    Defendants violated 18 U.S.C. § 2701(a)(1) by intentionally accessing Plaintiff's communications without authorization and obtaining and/or altering authorized access to a wire or electronic communication while in electronic storage, as alleged in detail above.

62.    Defendants violated 18 U.S.C. § 2701(a)(2) because they intentionally exceeded authorization to access Plaintiffs' communications and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage.

63.    As a result of Defendants' conduct described herein, and its violation of § 2701, Plaintiff has suffered substantial injuries and damage.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enjoin Defendants' conduct described herein;

---

**18**

**CLASS ACTION COMPLAINT**

(b) Award the maximum statutory and punitive damages available under 18 U.S.C. § 2707; and

( c) Such other and further relief that this Court deems just and proper.

## COUNT THREE
### (*Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.*)

### (Against All Defendants)

64.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

65.    The Electronic Communications Privacy Act,18 U.S.C. § 2510*et seq.* ("ECPA") defines "electronic communications system" as any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communication, and any computer facilities or related electronic equipment for the electronic storage of such communications. 18 U.S.C. § 2510(14).

66.    The ECPA broadly defines the "contents" of a communication, when used with respect to any wire, oral, or electronic communications, to include any information concerning the substance, purport, or meaning of that communication. 18 U.S.C. § 2510(8). "Contents," when used with respect to any wire or oral

**CLASS ACTION COMPLAINT**

communication, includes any information concerning the identity of the parties to such communication or the existence, substance, purport, or meaning of that communication.

67.     Defendants violated 18 U.S.C. § 2511(1)(a) by intentionally accessing, intercepting, and converting Plaintiff's wire and/or electronic communications to, from, and within HQSU's computers and servers, as alleged in detail above.

68.     Defendants also violated 18 U.S.C. § 2511(1)(d) by intentionally using, and endeavoring to use the contents of Plaintiff's wire and/or electronic communications to profit from their unauthorized and unlawful activities.

69.     Defendants intentionally obtained and/or intercepted, by device or otherwise, these wire and/or electronic communications, without the knowledge, consent or authorization of Plaintiff.

70.     Plaintiff suffered harm as a result of Defendants' violations of the ECPA.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant preliminary, equitable and declaratory relief as may be appropriate;

(b) Award the sum of the actual damages suffered and the profits obtained by Defendants as a result of their unlawful conduct, or statutory damages as authorized by 18 U.S.C. § 2520(2)(B), whichever is greater; and

( c) Award punitive damages and reasonable costs and attorneys' fees.

**CLASS ACTION COMPLAINT**

## COUNT FOUR

### (*Invasion of Privacy – Public Disclosure of Private Facts*)

### (Against All Defendants)

71.     Plaintiff incorporates each and every allegation of the foregoing

paragraphs as if fully set forth herein, and specifically repeats and re-alleges the

allegations.

72.     As alleged in detail above, Defendants published or caused to be

published to the public private facts concerning Plaintiff, including personal and

medical information.

73.     The published facts were not of legitimate public concern, and the

publication would be offensive and objectionable to a reasonable person and was

offensive and objectionable to Plaintiff.

74.     Defendants acted with reckless disregard for the fact that a reasonable

person would find the invasion highly offensive.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff on the claim of invasion of privacy;

(b) Award such compensatory as may be proven at trial;

( c) Award punitive damages in an amount sufficient to punish and deter

Defendants in the future; and

**CLASS ACTION COMPLAINT**

(d) Award such other and further relief as is just and appropriate.

## COUNT FIVE
### (*Intentional Interference with Prospective Economic Advantage*)

### (Against Defendant Knox Ricksen)

75.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

76.    Plaintiff was in an economic relationship with counsel that foreseeably would have resulted in an economic benefit to Plaintiff.

77.    Defendant Knox Ricksen knew of the relationship.

78.    Defendant Knox-Ricksen intended to disrupt the relationship between Plaintiff and counsel.

79.    Defendant Knox-Ricksen engaged in wrongful conduct as alleged above, including using the unlawfully-obtained data to contact various class members and offering to take over their cases even though they were already represented by opposing counsel.  The stolen privileged information was also available to Knox Ricksen for use against claimants and their attorneys in order to minimize or deny awards.

80.    As a result, the contractual relationships with counsel were disrupted.

---

**22**

**CLASS ACTION COMPLAINT**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff on the claim of intentional interference with prospective economic advantage;

(b) Award such compensatory as may be proven at trial;

( c) Award punitive damages in an amount sufficient to punish and deter Defendant Knox-Ricksen from this conduct in the future;

(d) Enjoin any further contact of any person whose privileged and confidential information was unlawfully obtained as set forth above; and

(e) Award such other and further relief as is just and appropriate.

## COUNT SIX

**(*Violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502, et seq.*)**

**(Against All Defendants)**

81.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

82.    Plaintiff is the owner and rights, title, and interest in certain data contained in the computer systems and servers owned and operated by HQSU pursuant to § 502(b)(3), § 502(b)(6) and § 502(2)(1).

**CLASS ACTION COMPLAINT**

83.    Defendants have violated California's Computer Crime law, including but not limited to § 502(c)(1)(B), by knowingly accessing and without permission obtaining property or data.

84.    Defendants have violated California's Computer Crime law, including but not limited to § 502(c)(2), and (7) by knowingly accessing and without permission making use of data from a computer, computer system, or computer network.

85.    Defendants have violated California's Computer Crime law, including but not limited to § 502(c)(4), by knowingly accessing and without permission obtaining property or data.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff on the claim of Violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502, *et seq.* pursuant to § 502(e)(1)-(2);

(b) Award such compensatory as may be proven at trial;

( c) Enjoin any further violations of the California Computer Data Access and Fraud Act;

(d) Award attorney's fees;

---

**CLASS ACTION COMPLAINT**

(e) Order that Defendants forfeit all data owned by Plaintiff unlawfully obtained by Defendants; and

(f) Award such other and further relief as is just and appropriate.

## COUNT SEVEN
### (*Violation of California Business and Professions Code § 17200*)

### (Against All Defendants)

86.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

87.    This cause of action is brought pursuant to California Unfair Competition Law at Business & Professions Code § 17200, *et seq*.

88.    Defendants' conduct constitutes unfair, unlawful and/or fraudulent business practices within the meaning of Business & Professions Code § 17200.

89.    Plaintiffs bring this Cause of Action on behalf of themselves, the Class and on behalf of the public as private attorneys general pursuant to Business & Professions Code § 17204.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Pursuant to Business & Professions Code § 17203, Defendants, and each of them, be ordered to make restitution and disgorge all earnings, profits,

**CLASS ACTION COMPLAINT**

compensation, benefits and other ill-gotten gains obtained by Defendants as a result of Defendants' conduct in violation of Business & Professions Code § 17200, *et seq.*;

(b) Pursuant to Business & Professions Code § 17204, enjoin Defendants, and each of them, from continuing to engage in the acts as set forth in this Complaint, which acts constitute violations of Business & Professions Code § 17200 et seq. Plaintiff will be irreparably harmed if such an order is not granted; and

( c) Award such other and further relief as the Court deems just and proper.

## COUNT EIGHT
### (*Conversion*)

### (Against All Defendants)

90.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein, and specifically repeats and re-alleges the allegations.

91.    As alleged in detail herein, Plaintiff owned the privileged and confidential information and data relating to his workers compensation claim.

92.    Defendants intentionally and substantially interfered with Plaintiff's property by unlawfully accessing and downloading copies of that data.

93.    Plaintiff did not consent to Defendants' activity, as alleged herein.

**CLASS ACTION COMPLAINT**

94.     Plaintiff was injured as a result of Defendants' unlawful conversion in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award compensatory general and special damages pursuant to Cal. Civ. Code § 3336;

(b) Award Plaintiff's costs and fees, including attorney's fees, in bringing this action; and

( c) Award such other and further relief as the Court deems just and proper.

## CLASS ACTION ALLEGATIONS

95.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the classes preliminarily defined as:

### Nationwide Class

96.     Current and former persons whose legal files were unlawfully accessed and downloaded by Defendants.

97.     Excluded from the proposed classes are anyone employed by counsel for Plaintiff in this action and any Judge to whom this case is assigned, as well as his or her staff and immediate family.

98.     Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Rule 23.

**CLASS ACTION COMPLAINT**

99.    <u>Numerosity</u>.  The proposed class consists of thousands of persons nationwide whose legal files were unlawfully and without authorization accessed and downloaded by Defendants, including between 3000 to 5000 former and current clients of Reyes & Barsoum, as well as tens of thousands of other individuals, who had their data stolen by defendants' conduct as described above, making joinder of each individual class member impracticable.

100.    <u>Commonality</u>.  Common questions of law and fact exist for the proposed class' claims and predominate over questions affecting only individual class members.  Common questions include:

a.   Whether defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. §§1030 et seq.;

b.   Whether defendants violated the Unlawful Access to Stored Communications Act, 18 U.S.C. §§2701 et seq.;

c.   Whether defendants violated the California *Business and Professions Code* §§17200, *et seq*.;

d.   Whether defendants violated the California Computer Data Access and Fraud Act, California *Penal Code* §§502, *et seq*.;

e.   Whether defendants invaded the privacy of the class members;

**CLASS ACTION COMPLAINT**

f.  Whether defendants intentionally interfered with the class members'

prospective economic advantages.

101.   <u>Typicality</u>.   Plaintiff's claims are typical of the claims of the proposed

classes because, among other things, Plaintiff and class members sustained similar

injuries as a result of defendants' wrongful conduct and their legal claims all arise

from the intentional and illegal cyberattack on their legal files.

102.   <u>Adequacy</u>.   Plaintiff will fairly and adequately protect the interests of

the classes.  His interests do not conflict with class members' interests and he has

retained counsel experienced in complex class action and data privacy litigation to

vigorously prosecute this action on behalf of the classes.

103.   In addition to satisfying the prerequisites of Rule 23(a), Plaintiff

satisfies the requirements for maintaining a class action under Rule 23(b)(3).

Common questions of law and fact predominate over any questions affecting only

individual class members and a class action is superior to individual litigation.

The amount of damages available to individual plaintiffs is insufficient to make

litigation addressing defendants' conduct economically feasible in the absence of

the class action procedure.  Individualized litigation also presents a potential for

inconsistent or contradictory judgments, and increases the delay and expense to all

parties and the court system presented by the legal and factual issues of the case.

**CLASS ACTION COMPLAINT**

By contrast, the class action devise presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

104.   In addition, class certification is appropriate under Rule 23(b)(1) or (b)(2) because:

a.  The prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for defendants;

b.  The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.  Defendants have acted or have refused to act on grounds that apply generally to the  proposed class, thereby making final injunctive relief described herein appropriate with respect to the proposed class as a whole.

**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

**(On All Causes of Action)**

WHEREFORE, Plaintiff prays that the Court:

1. Certify a nationwide class of Plaintiffs affected and injured by Defendants' unlawful conduct as alleged herein;

2. Enter judgment in favor of Plaintiff and against the Defendants.

3. Declare that Defendants' conduct has been willful and that Defendants have acted with fraud, malice and oppression.

4. Enter a preliminary and permanent injunction enjoining Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from engaging in any of the activity complained of herein or from causing any of the injury complained of herein and from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activity complained of herein or from causing any of the injury complained of herein.

5. Enter a preliminary and permanent injunction prohibiting Defendants from accessing, downloading, or otherwise using any data or information from

---

**31**

**CLASS ACTION COMPLAINT**

HQSU's computer systems or any other system housing Plaintiff's privileged and confidential material.

6. Enter judgment awarding Plaintiff actual damages from Defendants adequate to compensate Plaintiff for Defendants' activity complained of herein and for any injury complained of herein, including but not limited to interest and costs, in an amount to be proven at trial.

7. Enter judgment in favor of Plaintiff disgorging Defendants' profits.

8. Enter judgment in favor of Plaintiff awarding enhanced, exemplary and special damages, in an amount to be proved at trial.

 9. Enter judgment in favor of Plaintiff awarding attorneys' fees and costs, and;

 10. Order such other relief that the Court deems just and reasonable.

Respectfully Submitted,

Dated: June 23, 2015

LAW OFFICE OF MARK RAVIS & ASSOCIATES

By:  /s/ *Mark Ravis*
       Mark Ravis, Attorney for
       Plaintiff & Proposed Class

**CLASS ACTION COMPLAINT**